OPINION OF THE COURT
Raymond E. Cornelius, J.
The respondent, in this proceeding, has previously consented to a finding that she is a person in need of supervision, based upon a petition filed by the Rochester City School District which alleges that she had attended school for only nine days for the 1981-1982 school year, as of March 19, 1982. Pursuant to subdivision (b) of section 749 of the Family Court Act, the court thereafter ordered the Monroe County Probation Department to conduct an investigation “into the surroundings, conditions and capacities of the respondent.”
After completing the investigation, the Probation Department recommended an out-of-home placement as a disposition, and pursuant to the requirements contained in section 4005 of the Education Law, a relatively recent legislative enactment, a request was made to the Rochester City School District for an evaluation and recommendations by its committee on the handicapped. Based upon a *20 report submitted by the committee on the handicapped, together with other evidence submitted at the dispositional hearing, the court has concluded that the respondent is a “child with a handicapping condition” as defined by the Education Law. Accordingly, the court must determine the effect of this finding upon the dispositional hearing, the purpose for which is to ascertain whether the respondent requires supervision or treatment. (Family Ct Act, § 743.) As hereinafter set forth, a significant issue arises in cases, such as the instant proceeding, in which a respondent is alleged to be a person in need of supervision on the basis of school truancy, and although found by the court to be a “child with a handicapping condition”, has not been previously evaluated as such by the school district.
The purpose for requiring Family Court Judges or Probation Departments to make referrals to the committee on the handicapped, in cases where placement is being considered for a respondent, who has been adjudicated a juvenile delinquent or person in need of supervision, is set forth in the statute, itself. Section 4005 of the Education Law specifically requires such referrals for children “thought to have a handicapping condition”, and further provides that “[s]uch information shall be used to determine the most appropriate placement for the child”. Furthermore, this section requires that the information be transmitted to the Department of Social Services or Division for Youth, depending upon which agency the child is ultimately placed. Nevertheless, this section, in the court’s opinion, must be read in pari materia with other sections of the State Education Law, and, in particular, with sections 4401 through 4409 inclusive, all of which are embodied within article 89 of the Education Law.
Article 89 specifically addresses the duties of school districts in regard to children with a handicapping condition, who are defined, for purposes of the Education Law, as persons under the age of 21 who are entitled to attend public schools, “and who, because of mental, physical or emotional reasons can receive appropriate educational opportunities from special services and programs” (Education Law, § 4401, subd 1). These may include special classes or instruction within the school district or, in *21 appropriate cases, contracts with private residential or nonresidential schools. Section 4402 specifically mandates that school districts ascertain the number of handicapped children within their district, under the age of 21 years, and the nature of the handicapping condition, and further provides for the creation of committees on the handicapped, who will have the responsibility for making evaluations and appropriate recommendations for educational placement. Other sections of article 89 set forth appeal procedures and allocation of financial responsibilities.
The respondent, in this proceeding, had apparently not been previously identified or evaluated as a “child with a handicapping condition” by the Rochester City School District. However, as aforesaid, such a finding was made by the committee on the handicapped after the court referral pursuant to section 4005. The committee’s report classified the respondent as “emotionally disturbed”, and recommended a group tutoring program within the school district. In addition, a school psychologist who testified on behalf of the respondent at the dispositional hearing, rendered an opinion that the respondent suffered from an educational handicap and could benefit from a highly individualized group tutoring program. Furthermore, he stated that the respondent’s educational problems resulted primarily from her specific learning disability, and the failure to attend school was only secondary.
Under other circumstances, the court would conclude that the Probation Department’s recommendation for out-of-home placement was appropriate. The court has grave concerns about the respondent’s intention to co-operate with any type of educational program, as well as the support which heretofore has not been provided by her mother. Indeed, the respondent’s family, including other siblings, are not unknown to Family Court, and the respondent, herself, has been the subject of two previous proceedings. On March 16, 1981, another school truancy petition resulted in an adjournment in contemplation of dismissal, and on January 20, 1982, another part of this court granted respondent’s mother and stepfather an adjournment in contemplation of dismissal on a petition alleging educational neglect. However, a placement by this *22 court at this time would constitute the precedent of permitting the mandates under article 89 of the Education Law to be ignored. Since enactment of section 4005, this court has had several cases based upon a school truancy petition, in which a handicapping condition has been identified only after court involvement. In such cases, the school district should be required to fulfill its obligations under the Education Law and courts should become involved only in the event that a respondent, with a handicapping condition, fails to attend an appropriate educational placement made pursuant to article 89.
It is therefore ordered that the respondent receive a suspended judgment, the condition of which is regular attendance at a special educational program to be determined pursuant to article 89 of the State Education Law.